IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

    Petitioner,

vs.                                                                                                                         No. CIV 17-0864 JB/GJF

W. WINN; BERNALILLO COUNTY
SHERIFF'S DEPARTMENT; PUBB'S
BAR; BERNALILLO COUNTY BOARD
OF COMMISSIONERS; STATE OF NEW
MEXICO and JOHN DOES 1-3,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, pursuant to rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, on the Petitioner's Federal Habeas Corpus Petition, filed August 22, 2017 (Doc. 1)("Complaint"), which is docketed as a Petition Under 28 U.S.C. § 2254 For A Writ Of Habeas Corpus. Also before the Court is the Prisoner's Motion And Affidavit For Leave To Proceed Pursuant 28 U.S.C. § 1915, filed August 22, 2017 (Doc. 2)("1915 Motion"). Plaintiff James Thor Kirk was incarcerated at the time of filing and is proceeding pro se. For the following reasons, the Court will construe Kirk's Federal Habeas Corpus Petition liberally as a civil rights complaint under 42 U.S.C. § 1983, and then dismiss the Complaint under 28 U.S.C. § 1915A(b) for failure to state a claim on which relief may be granted. Because Kirk has three or more strikes under the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), he may not proceed on this action or in future actions in forma pauperis in the federal courts unless he

"is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]

On August 22, 2017, Kirk filed the present Federal Habeas Corpus petition, which seeks to reopen "case D-202-CV-198600516 for the purpose of investigation of the wrongful death of my father Edward Kevin Kirk." Complaint at 1. Kirk contends that he received $4,000.00 in compensation for his father's wrongful death and he asserts that amount "to be injustice and inadequate compensation." Complaint at 1. Kirk seeks to reopen the civil case, an investigation into his father's wrongful death, and "just financial compensation." Complaint at 2.

Rule 4 of the Rules Governing Section 2254 cases provides for the dismissal of a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Additionally, the Court has the discretion to dismiss sua sponte a civil action filed by a prisoner if it appears that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b). Dismissal of a pro se pleading "is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Kay v. Bemis, 500 F.3d

---

[1]Section 1915(g) states that:

> <u>In no event</u> shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). Given the statute's plain language, the Court cannot grant Kirk's request to proceed in forma pauperis on this action, even though (i) there is no evidence that Kirk has been warned about § 1915(g)'s three-strikes rule, and (ii) Kirk originally filed his Complaint as a habeas corpus petition, and § 1915(g)'s three strikes rule does not apply to habeas corpus petitions. Any harm to Kirk by strict adherence to the three-strike rule is mitigated, however, by the reality that the Court is also dismissing the Petitioner's Federal Habeas Corpus Petition, which the Court construes as a civil rights Complaint under 42 U.S.C. § 1983, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915A(b).

1214, 1217 (10th Cir. 2007).

Kirk is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.

Although Kirk's initial pleading is titled Federal Habeas Corpus, "characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court." Roman-Nose v. New Mexico Dep't of Human Servs., 967 F.2d 435, 437 (10th Cir. 1992). It is not the title of a pro se pleading, but rather the relief which the pro se litigant seeks, that determines an action's character. See United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006). In the present case, Kirk does not challenge the judgment of conviction in his state criminal case, or request immediate release or a speedier release from confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)(noting that a petition for writ of habeas corpus challenges "the very fact or duration of . . . physical confinement" and seeks "a determination that [the petitioner] is entitled to immediate release or a speedier release from" confinement). Rather, Kirk challenges an unrelated civil proceeding's validity, alleging that he was denied adequate compensation in a 1986 wrongful death action filed in state court and seeking to reopen that action and be awarded additional compensation. See Complaint at 1. Kirk's initial pleading, therefore, is not a federal petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. at 494

(noting that money damages are not an appropriate or available remedy in federal habeas corpus proceedings).

To the extent that Kirk's Petition liberally may be construed as a petition for writ of mandamus seeking an order from this Court directing the state court to reopen Kirk's 1986 wrongful death action, it is subject to dismissal. The federal courts have "no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties." Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)(internal quotation marks and citation omitted). The Court therefore declines to recharacterize Kirk's petition as a petition for writ of mandamus.

Kirk's petition seeks monetary damages against the Defendants and, therefore, the Court liberally will construe it as a civil rights Complaint under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, a § 1983 complaint that names multiple governmental actors as defendants must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original). Specifically, a party seeking relief under § 1983 "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

Kirk's Complaint does not state a claim under § 1983, because it fails to allege a violation of the United States' laws or Constitution. Although Kirk alleges that his "father was murdered"

and that the Defendants are liable for his father's "wrongful death," Complaint at 1, he fails to allege that any of the Defendants' actions or inactions violated Kirk's federal constitutional or civil rights. See Trujillo v. Bd. of Cty. Comm'rs of Santa Fe Cty., 768 F.2d 1186, 1190 (10th Cir. 1985) (holding that a mother and daughter could not recover for the victim's alleged wrongful death under 42 U.S.C. § 1983, because they did not allege an intent to interfere with a protected constitutional right); Dohaish v. Tooley, 670 F.2d 934, 936-37 (10th Cir. 1982)(noting that a "§ 1983 civil rights action is a personal suit. It does not accrue to a relative, even the father of the deceased," and, therefore, the father lacked standing to sue on behalf of his murdered son because the father had not alleged a "violation of his civil rights whatsoever"). Regardless, even if a violation of Kirk's federal constitutional or civil rights had been alleged, Kirk does not identify any "*specific* actions taken by *particular* defendants" and, therefore, does not "make out a viable [claim under] § 1983." Pahls v. Thomas, 718 F.3d 1210, 1225-26 (10th Cir. 2013)(emphasis in original; internal quotation marks and citation omitted). Because Kirk's Complaint does not state a claim on which relief may be granted, the Court will dismiss it pursuant to 28 U.S.C. § 1915A(b).

The Court concludes that it would be futile to give Kirk an opportunity to amend his Complaint, because the pertinent statute of limitations bars his § 1983 claims. See Gee v. Pacheco, 627 F.3d 1178, 1195 (10th Cir. 2010)(holding that the district court properly dismissed without an opportunity to amend the plaintiff's § 1983 claims that the statute of limitations barred, because "amending those claims would be futile"). "[T]he pertinent limitations period for section 1983 claims in New Mexico is that found in N.M. Stat. Ann. § 37-1-8 (1978), which provides that actions for an injury to the person must be brought within three years." Jackson v. City of Bloomfield, 731 F.2d 652, 653 (10th Cir. 1984). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the

basis of his action." Johnson v. Johnson Cty. Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991). Kirk has known of the alleged facts supporting his wrongful death claim and the compromise of that claim for the past thirty-one years. The Court therefore concludes that the three-year statute of limitations bars Kirk's § 1983 claims.

The dismissal of Kirk's Complaint, under 28 U.S.C. §1915A(b), for failure to state a claim on which relief may be granted constitutes a strike under the PLRA. See Hafed v. Fed. Bur. of Prisons, 635 F.3d 1172, 1176 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, as malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike."). The Court will take judicial notice of the fact that this dismissal is not Kirk's first strike. See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979)(noting that the United States Court of Appeals for the Tenth Circuit "has held that a court may, sua sponte, take judicial notice of its own records and preceding records"). Indeed, a review of the docket for the United States District Court for the District of New Mexico reveals that Kirk has had at least three other civil actions dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and/or 1915(A)(b) as frivolous, malicious, or for failure to state a claim on which relief may be granted. See Kirk v. Flores, No. CIV 16-00270 JB\SCY (D.N.M. August 31, 2016) (Doc. 7)(dismissing, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), Kirk's civil rights complaint for failure to state a claim on which relief may be granted); Kirk v. New Mexico State Police, No. CIV 14-01027 MV\KK (D.N.M., January 9, 2015)(Doc. 15)(dismissing Kirk's complaint under 28 U.S.C. § 1915A(b)); Kirk v. Valencia Cty. Detention Ctr., No. CIV 14-00891 JCH\SCY (D.N.M., October 17, 2014)(Doc. 9)(dismissing, under 28 U.S.C. § 1915(e)(2)(B), Kirk's complaint). Title 28 of the United States Code, § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions,

while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Kirk has accrued at least four strikes under § 1915(g) and, therefore, he can no longer proceed in forma pauperis in the federal courts unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**IT IS ORDERED** that: (i) the Prisoner's Motion And Affidavit For Leave To Proceed Pursuant 28 U.S.C. § 1915, filed August 22, 2017 (Doc. 2), is denied; (ii) the Petitioner's Federal Habeas Corpus Petition, filed August 22, 2017 (Doc. 1), which the Court construes as a civil rights Complaint under 42 U.S.C. § 1983, is dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915A(b), and all pending motions are denied as moot; and (iii) the Petitioner may not proceed in forma pauperis in a civil action or appeal a judgment in a civil action under 28 U.S.C. § 1915 unless he is under imminent danger of serious physical injury.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

James Thor Kirk
Penitentiary of New Mexico
Santa Fe, New Mexico

   *Plaintiff pro se*