IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

    Petitioner,

vs.                                                                                                                         No. CIV 17-0864 JB\GJF

W. WINN, BERNALILLO COUNTY
SHERIFF'S DEPARTMENT; PUBB'S
BAR; BERNALILLO COUNTY BOARD
OF COMMISSIONERS; STATE OF NEW
MEXICO and JOHN DOES 1-3,

    Respondents.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION

**THIS MATTER** comes before the Court on: (i) Plaintiff James Thor Kirk's Letter to the Court, (dated November 6, 2017), filed November 9, 2017 (Doc. 14)("Motion for Reconsideration"); and (ii) Kirk's Martinez Report (Discovery Subject Matter Facts), filed March 23, 2018 (Doc. 16)("Martinez Report Request").[1] In his Motion for Reconsideration, Kirk states that the Court has denied him justice, and has "slandered and disrespected" his name by imposing strikes against him under 28 U.S.C. § 1915(g). Motion for Reconsideration at 1. To the extent that Kirk's motion may be liberally construed as a motion to alter or to amend the judgment under rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment under rule 60(b) of the Federal Rules of Civil Procedure, the Court will deny the motions. The Court will also deny Kirk's Martinez Report Request as moot.

A motion to alter or amend the judgment under rule 59(e) must be filed "no later than 28

---

[1]A Martinez Report is a "report and investigation by prison officials to determine whether a pro se prisoner's allegations have any factual or legal basis." Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992).

days after the entry of the judgment," Fed. R. Civ. P. 59(e), and "is the appropriate vehicle to correct manifest errors of law or to present newly discovered evidence," Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc., 680 F.3d 1194, 1200 (10th Cir. 2011) (internal quotation marks and citation omitted). A rule 60(b) motion "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding," Fed. R. Civ. P. 60(c)(1), and is the appropriate vehicle to:

> relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "If a motion is timely under both rules, how [to] construe it depends on the reasons expressed by the movant." Commonwealth Prop. Advocates, LLC, 680 F.3d at 1200.

Neither a rule 59(e) motion nor a Rule 60(b) motion is an "appropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, a motion under rule 59(e) or rule 60(b) is "appropriate where the court has misapprehended the facts, a party's

position, or the controlling law," but is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants of Paraclete v. Does, 204 F.3d at 1012.

Kirk does not allege that the Court has misapprehended the facts, a party's position, or the controlling law in its October 26, 2017 Memorandum Opinion and Order and Final Judgment. Instead, he contends that it is unfair that the state action for the wrongful death of his father was settled when he was only child and that he never received the money he was promised. Motion for Reconsideration at 2. The Court previously addressed Kirk's contention that he received inadequate compensation for his father's wrongful death. See Memorandum Opinion and Order at 4-7, filed October 26, 2017 (Doc. 11)("MOO"). In the MOO, the Court explained that Kirk's Federal Habeas Corpus Petition, filed August 22, 2017 (Doc. 1) ("Complaint"), "fails to allege that any of the Defendants' actions violated Kirk's federal constitutional or civil rights" and, therefore, his Complaint fails to state a claim for relief under 42 U.S.C. § 1983. MOO at 4. Additionally, it was plain from the face of Kirk's civil rights complaint that Kirk had known "of the alleged facts supporting his wrongful death claim and the compromise of that claim for the past thirty-one years" and, accordingly, that the three-year statute of limitations barred his § 1983 claims. See MOO at 6. Last, Kirk has not provided the Court with a reason to reconsider its determination that he has accrued four strikes under 28 U.S.C. § 1915(g) and "can no longer proceed in forma pauperis in the federal courts unless he is 'under imminent danger of serious physical injury.'" MOO at 5-6 (quoting 28 U.S.C. § 1915(g)). Because Kirk simply revisits issues that the Court already addressed and provides no basis for relief under rule 59(e) or rule 60(b) of the Federal Rules of Civil Procedure, the Court will deny the Motion to Reconsider.

In his Motion to Reconsider, Kirk also asks the Court to explain "who, what, where, when and how do I find help" to reopen his state wrongful death action. Motion for Reconsideration at 3. It is not, however, "the proper function of the district court . . . to assume the role of advocate for the pro se litigant," Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), or to provide legal advice. The Court will therefore deny, Kirk's request for legal assistance.

The Court will also deny the requests in Kirk's Martinez Report Request as moot. The Court already dismissed Kirk's Complaint, see MOO at 1, and entered a Final Judgment, see Final Judgment at 1, filed October 26, 2017 (Doc. 12). The Court now denies Kirk's Motion to Reconsider. See supra at 1. Kirk's Martinez Report Request is, therefore, moot. Mootness aside, the more fundamental problem with Kirk's Martinez Report Request is Kirk misunderstands the purpose of a Martinez Report. A Martinez Report is a "judicially authorized investigative report prepared by prison officials to help the court determine if 'a pro se prisoner's allegations have any factual or legal basis.'" Simkins v. Bruce, 406 F.3d 1239, 1241 (10th Cir. 2005)(quoting Northington v. Jackson, 973 F.2d at 1521). "This process is designed to aid the court in fleshing out possible legal bases of relief from unartfully drawn pro se prisoner complaints, not to resolve material factual issues." Northington v. Jackson, 973 F.2d at 1521. In the Martinez Report Request, Kirk "respectfully summons Defendants [to] submit [a] Martinez Report . . . so that Honorable Judge Gregory J. Fouratt can give an honest accurate assessment of the wrongful death of my father." Martinez Report Request at 1. In other words, Kirk appears to ask the Court to order the Defendants to investigate Kirk's father's death, which Kirk contends happened in a bar in Bernalillo County in 1986. See Complaint at 2. A Martinez Report is not meant for investigating claims on a plaintiff's behalf.

**IT IS ORDERED** that: (i) the requests in Plaintiff James Thor Kirk's Letter to the Court, (dated November 6, 2017), filed November 9, 2017 (Doc. 14); are denied, and (ii) the requests in the Plaintiff James Thor Kirk's Martinez Report (Discovery Subject Matter Facts), filed March 23, 2018 (Doc. 16), are denied.

_____
UNITED STATES DISTRICT JUDGE

*Party:*

James Thor Kirk
Guadalupe County Correctional Facility
Santa Rosa, New Mexico

    *Plaintiff pro se*